IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| CHRISTOPHER G. LINK and | * | Chapter 7 |
| ELIZABETH ROSE LINK, | * | |
|     Debtors | * | |
| | * | Case No.: 1-13-bk-5918-MDF |
| LAWRENCE V. YOUNG, Chapter 7 | * | |
| Trustee, | * | |
|     Movant | * | |
| | * | |
| v. | * | |
| | * | |
| CHRISTOPHER G. LINK and | * | |
| ELIZABETH ROSE LINK, | * | |
|     Respondents | * | |

**OPINION**

Before the Court is the objection of Lawrence V. Young, the Chapter 7 Trustee, (the "Trustee") to an exemption claimed by Christopher G. Link ("Christopher") in a parcel of non-residential real estate, which he holds with his wife as tenants by the entireties. For the reasons that follow, I conclude that the objection should be sustained.

**I. Procedural and Factual History**

Debtors filed their Chapter 7 petition on November 18, 2013. In the schedule of real property filed with the petition, they listed real property described as "1.7 unimproved wooded acreage" (the "Property") with a value of $65,000 subject to a secured claim of $96,209.11. On Schedule A, Debtors reported that the Property was subject to two federal tax liens in a total amount of $75,319.63, a Pennsylvania tax lien of $2097.32 and a judgment lien of $3259.27. All of the liens were entered against Christopher, but not against Elizabeth Link ("Elizabeth"). It is undisputed that Debtors hold the Property as tenants by the entireties.

In the original schedules filed with their petition, Debtors claimed the federal exemptions under 11 U.S.C. § 522(d), but neither Debtor asserted a claim in the Property. At the creditors' meeting, the Trustee informed Debtors that he intended to administer the Property for the benefit of unsecured creditors because the federal tax lien only attached to Christopher's interest in the Property. Approximately three weeks after the creditors' meeting was concluded, Debtors filed an amendment to their schedule of exemptions, each asserting a claim under 11 U.S.C. § 522(d)(5) as to the Property. Christopher asserted a claim of $10,399.50, and Elizabeth asserted a claim of $11,867. The Trustee objected to the amended exemption claim for both Debtors as being untimely and further objected to Christopher's claim as being inappropriate because the Property lacked value to support his claim.

On February 20, 2014, the Internal Revenue Service (the "IRS") filed a proof of claim asserting a secured claim of $70,782.41, a priority claim of $1027.56, and a general unsecured claim of $41,752.27. The Trustee filed a limited objection to the claim and asked the Court to find that the IRS lien would be valued at one-half of the proceeds of the Property after liquidation. The IRS did not respond to the Trustee's objection, and an order was entered on April 2, 2014 holding that "Proof of Claim No. 3 of Internal Revenue Service shall be limited to Christopher G. Link's one-half interest in the Debtors' assets."

The parties have filed briefs on the Trustee's objection to Debtors' exemption claims, and the matter is ready for decision.[1]

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(E) and (O). This Opinion constitutes findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052, which is applicable to contested matters under Fed. R. Bankr. P. 9014.

2

## II. Discussion

*A. Timeliness of Debtors' amendment to exemptions*

The Federal Rules of Bankruptcy Procedure ("Fed. R. Bank. P.") permit a debtor to amend schedules as a matter of course at any time before the case is closed. Fed. R. Bankr. P. 1009(a). But if an amendment is filed in bad faith, or unduly prejudices the rights of creditors, this right "may be reviewed with [an] equitable gloss." *In re Cudeyro,* 213 B.R. 910, 918 (Bankr. E.D. Pa.1997). *See also In re Knapp*, 283 B.R. 819, 822 (Bankr. W.D. Pa. 2002). In the within case, Debtors amended their exemptions within a few weeks after the creditors' meeting and before the Trustee began to administer the Property. Accordingly, I find that the amendment to Debtors' claim of exemptions was not filed in bad faith nor does it unduly prejudice the rights of creditors.

*B. Debtor/taxpayer's exemption claim in non-taxpayer's "share" of entireties property*

When a husband and wife file a joint petition in bankruptcy, their interest in property held by the entireties becomes property of the estate under 11 U.S.C. § 541(a). *Napotnik v. Equibank & Parkvale Sav. Ass'n*, 679 F.2d 316, 318 (3d Cir. 1982). A debtor may exempt certain property from the estate, but first it must "pass[] through" the estate. *In re Tabor*, 433 B.R. 469, 472 (Bankr. M.D. Pa. 2010). "An exemption is an interest withdrawn from the estate (and hence from creditors) for the benefit of the debtor." *In re Cunningham*, 513 F.3d 318, 323 (1st Cir. 2008) (quoting *Owen v. Owen*, 500 U.S. 305, 308 (1991)).

"In Pennsylvania, a tenancy by the entireties is a form of co-ownership of real or personal property by husband and wife. It is a venerable common law doctrine of ancient vintage, based on the legal fiction that husband and wife are one person." *In re Brannon*, 476 F.3d 170, 173 (3d

3

Cir. 2007). The purpose of the doctrine is to protect entireties property from execution by a creditor of one spouse. *Id.* This protection, however, does not extend to federal tax claims. The Internal Revenue Code endows the IRS with the power to collect tax debts against property most creditors cannot reach. For example, under Pennsylvania law, a liquor license is not "property" and cannot be made subject to a security interest, but is "property" for purposes of a federal tax lien. *West Lancaster Corp. v. Main Line Rest., Inc.*, 790 F.2d 354, 356-58 (3d Cir. 1986). *See also, In re Atl. Bus. and Comty. Dev. Corp.*, 994 F.2d 1069, 1075 (3d Cir. 1993) (holding that a FCC broadcasting license, while not subject to private liens, may be subject to a lien under § 6321 of the Internal Revenue Code). Section 6321 of the Internal Revenue Code creates a lien in favor of the United States on "all property and rights to property, whether real or personal," belonging to a person who neglects or refuses to satisfy a tax obligation after demand from the government. 26 U.S.C. § 6321. *Popky v. United States*, 326 F. Supp. 2d 594, 598 (E.D. Pa. 2004) *aff'd*, 131 F. App'x 816 (3d Cir. 2005) and *aff'd*, 419 F.3d 242 (3d Cir. 2005). The Supreme Court has held that "property and rights to property" include interests in property held as tenants by the entirety. *United States v. Craft*, 535 U.S. 274, 283 (2002).

In *Craft*, the Supreme Court, interpreting Michigan law, held that a federal tax lien may attach to a property held as tenants by the entirety even though only one spouse has a federal tax liability. *Id.* at 278. The Court determined that because each tenant "enjoyed the right to use the property, to receive income produced by it, and to exclude others from it[,]" as well as survivorship rights, each tenant held essential rights in the property making it subject to the attachment of federal tax liens under 26 U.S.C. § 6321. Analyzing Pennsylvania law in light of *Craft*, the Third Circuit Court of Appeals concluded that rights of tenants by the entireties in this

4

Case 1:13-bk-05918-MDF    Doc 39    Filed 06/27/14    Entered 06/30/14 08:40:37    Desc
Main Document      Page 4 of 8

state are analogous to those available under Michigan law. Thus, federal tax liens attach to the taxpayer's interest in entireties property created under Pennsylvania law as well. *Popky v. United States*, 419 F.3d 242, 244 (3d Cir. 2005). The Supreme Court did not reach the issue of how to value the taxpayer's interest in entireties property in *Craft*. The Third Circuit in *Popky*, however, did. The *Popky* Court rejected the debtors' argument that the value of each spouse's interest should be based on their respective life expectancies and held that each tenant holds an equal interest in the property. "'[T]he equal division of assets between spouses . . . parallels the distribution of entireties property when an entireties estate is severed because of a sale with consent of both tenants, divorce or other reason.'" *Id.* at 245 (quoting *Popky*, 326 F. Supp.2d at 602).

Here, the Property is valued at $65,000[2]. Under the Third Circuit rule set forth in *Popky*, the tax lien attaches to fifty percent of the value, or approximately $32,500. The amount of the tax lien ($70,782.41) exceeds the value of Christopher's share, accordingly, there is no equity available for him to claim an exemption. The tax lien, however, does not attach to Elizabeth's fifty percent share so she is entitled to claim up to $11,867 in the available equity after the payment of the costs of sale.

Debtors assert that because they have an undivided interest in the Property, Christopher may claim his exemption out of the remaining equity after the tax lien on fifty percent of the value of the Property is deducted. Whether Christopher may claim an exemption in the Property is dependent upon whether Christopher holds an interest in the Property free from the IRS's tax

---

[2]The Trustee has asserted that the Property, which has not yet been sold, is only worth $50,000. The difference between the values asserted by Debtors and by the Trustee is not relevant to the resolution of the issues before the Court.

5

lien. Debtors' argue that Popky directs that Christopher's interest in the Property for tax purposes is fifty percent, but that he continues to hold an interest in the entire Property because the tenancy has not been severed.

The filing of a bankruptcy petition itself does not sever a tenancy by the entirety. Further, a debtor may exclude his interest in entireties property from the estate by claiming the federal exemptions up to certain statutory limits as specified in 11 U.S.C. § 522(d)(5). A tenancy remains intact unless severed by the death of one of the spouses, or by "joint conveyance of the estate, divorce, or mutual agreement, either express or implied." *In re Brannon*, 476 F.3d at 173–174 (quoting *Clingerman v. Sadowski,* 519 A.2d 378, 381 (Pa. 1986) (internal citations omitted)). Accordingly, unless the existence of the federal tax lien on Christopher's interest in the Property bars his exemption claim, both Christopher and Elizabeth may exempt the maximum value available to each of them under § 522(d)(5).

I find that calculating the value of the federal tax lien at fifty percent of the value of the Property does not affect the nature of the tenancy. The mere act of quantifying the value of the lien does not sever the tenancy. Neither does the filing of a bankruptcy petition change its nature. If Debtors' equity in the Property had been less than the available federal exemptions under § 522(d), Debtors would have been able to retain the Property as tenants by the entirety because there would have been no equity in the Property for the Trustee to administer. Here, the tenancy will not be severed until the Property is sold by the Trustee.

But the existence of the federal tax lien in an amount in excess of the total value of the Property makes it impossible for Christopher to claim an exemption in the Property. Debtors' reasoning that the federal tax lien may be "crammed down" as to Christopher's interest in the

6

Property turns the holding in *Popky* on its head. In *Popky*, the Court of Appeals recognized that a husband and wife have an equal interest in property held as tenants by the entirety. Therefore, it would be unfair to assess the tax liability of the taxpayer against the interest of the spouse who was not liable for unpaid taxes. Here, the Trustee concedes that Elizabeth's interest in the Property is not subject to the lien. Therefore, she has equity available to support the exemption claim. The Trustee does object, however, to Christopher's attempt to exempt an interest in the Property that otherwise would be subject to the federal tax lien. Although the tenancy remains intact as to all other creditors, it does not shield Christopher's interest in the Property from the IRS's enforcement of its lien.

The treatment of Christopher's exemption claim in bankruptcy is similar to the treatment it would receive if claimed as exempt under state law. Section 6334(c) of the Internal Revenue Code provides, "[n]otwithstanding any other law of the United States, no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." 26 U.S.C. § 6334(c). "[O]nce it has been determined that state law creates sufficient interests in the [taxpayer] to satisfy the requirements of [the federal tax lien provision], state law is inoperative to prevent the attachment of liens created by federal statute in favor of the United States." *Drye v. United States,* 528 U.S. 49, 52 (1999) (citing *United States v. Bess,* 357 U.S. 51, 56–57(1958)). In the absence of the bankruptcy, Christopher would have been unable to protect his fifty per cent interest in the Property under state law. He has no greater rights under bankruptcy law.

As the Vermont Bankruptcy Court observed, the Supreme Court determined in *Craft* that under federal law each spouse has an undivided, but distinct interest in entireties property. *In re*

*Hutchins*, 306 B.R. 82, 91 (Bankr. D. Vt. 2004). "[T]hough the parties may hold coincident, inchoate, and indivisible interests under state law, they nonetheless hold separate, identifiable interests as a matter of federal law." *Id*. (citing *Craft*, 535 U.S. at 281-82). The secured claim for unpaid federal taxes is greater than Christopher's interest in the Property even at one hundred percent of its value. Therefore, he has no remaining interest in the Property to claim as exempt. Accordingly, I find that Christopher's exemption claim must be denied.

An appropriate Order sustaining the Trustee's objection will follow.

**By the Court,**

_____
Mary D. France
Chief Bankruptcy Judge

Date: June 27, 2014